DUPUY v. DUPUY

(April 29, 1929. Opinion and Decree.)

Benj. Y. Wolf, of New Orleans, attorney for plaintiff, appellee.

Wm. J. Curren, of New Orleans, attorney for defendant, appellant.

JANVIER, J. Plaintiff sues defendant for $479.20; $471.20 of which is claimed as the balance due on certain cows sold to defendant, and $7.50 of which plaintiff alleges he paid for account of defendant for hauling certain cattle to the stock yards. Judgment was rendered for $429.70. Defendant has appealed and plaintiff has answered the appeal, contending that the trial court was in error in allowing a certain credit of $49.70.

Defendant contends that one of the cows sold was about to give birth to a calf and that it was understood that the agreed value of this cow, to-wit, $200, was to be paid only if she came safely through this delivery, but that, as she died shortly after the birth of the calf, this $200 is not due. He also claims that plaintiff broke into his barn and took one of his cows, which he had bought for $125, and sold it to the slaughter house for $33.25, for which amount credit was given him, but that he should have been given additional credit for $91.75; the difference between the value of the cow and the credit allowed. We find no other defense worthy of consideration and if defendant were correct in both of his above contentions he would still owe $137.75. Let us now consider his two contentions.

As to the item claimed for the cow, which he contends was sold conditioned on its surviving the birth of the calf, the trial judge found that the evidence did not sustain his claim that there was such an agreement. The conclusion of the trial judge in this regard seems to us to be justified by the evidence. Furthermore, even if there had been such an understanding that this cow was not to be paid for unless she survived the ordeal of delivery of her calf, the evidence shows that after the calf was born the cow lived sixty days, and there is no satisfactory proof that the death of the cow resulted from the birth of the calf. In the absence of such proof, defendant's contention as to this cow would have to be rejected, even if it had been conclusively

shown that there was an understanding such as we have discussed.

As to the contention that plaintiff broke into defendant's barn and took out one of his cows, for which he had paid $125, we find the evidence very unsatisfactory and confusing. Plaintiff claims that he was authorized to remove certain of defendant's cows and to sell them for defendant's account. Credit seems to have been given for all amounts received from the sale of these cows and a credit of $33.25 was given for this particular cow. So far as the record shows, no protest was made at that time that a credit for the whole amount, to-wit: $125, should have been given. Furthermore, the evidence shows that, at the time this cow was bought for $125 she was fresh—in other words, in good dairy condition, whereas, when she was sold to the slaughter house, she was fit only for butchering. At any rate, whether the removal and sale of the cow was authorized is solely a question of fact. The trial judge has decided this question in plaintiff's favor and we believe his finding is warranted by the evidence.

This brings us to plaintiff's contention that a credit of $49.70 was erroneously allowed. A great many payments on account were made at various times—some in cash, some in checks. All of this evidence and all of these mathematical calculations were before the trial judge. His reasons for judgment show that he gave all of this evidence consideration and our study of it convinces us that there is no reason to disturb his finding in this regard.

It is therefore ordered, adjudged and decreed that the judgment appealed from be and it is affirmed, at the cost of defendant.